**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAMMY MARSH, Administratrix of the Estate of MAHLON CHRISTOPHER MOSHER, | CIVIL ACTION NO. 3:14-2331 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| NORFOLK SOUTHERN, INC., CANADIAN PACIFIC RAILWAY, and JEFFREY D. BOYD, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff Tammy Marsh, Administratrix of the Estate of Mahlon Christopher Mosher. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### **I. Background**

Plaintiff brings this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 11.) Plaintiff Tammy Marsh is alleged to be "an adult individual who currently resides at 989 Main Street, New Milford, Susquehanna County, Pennsylvania 18834." (*Id*. at ¶ 1.)

Defendant Norfolk Southern, Inc. is alleged to be "a Virginia corporation with a principal place of business located at Three Commercial Place, Norfolk, Virginia 23510-2191." (*Id*. at ¶ 2.) Defendant Canadian Pacific Railway is alleged to be "a corporation organized and existing under the laws of Canada, operating in the United States with an assumed named filed with the Minnesota Department of State, and with a United States Corporate Headquarters" in Minneapolis, Minnesota. (*Id*. at ¶ 3.) Defendant Jeffrey Boyd

is alleged to be "an adult individual with a last known address of 3117 Andover Road, Endwell, NY 13760." (*Id*. at ¶ 4.)

## II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs allege that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Marsh**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiff Marsh "resides" in New Milford, Pennsylvania, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  To properly allege diversity, Plaintiff must allege her state of citizenship, not merely her state of residence.  As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Boyd**

The Complaint also fails to adequately allege the citizenship of Defendant Boyd.  As set forth above, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Swiger*, 540 F.3d at 182.  Here, the Complaint alleges only that Boyd has a last known address in Endwell, New York. (*Compl.*, ¶ 4.)  But, "merely alleging an address for [a] defendant is insufficient to demonstrate a party's citizenship for diversity purposes." *Itiowe v. Robert Wood Johnson Univ. Hosp.*, No. 12-6977, 2013 WL 5406670, at *5 (D.N.J. Sept. 25, 2013); *Phillip v. Atlantic City Med. Ctr.*, 861 F.

Supp. 2d 459, 469 (D.N.J. 2012) (same). Thus, the Court cannot determine whether there is proper jurisdiction over Defendant Boyd.

**C.     Citizenship of Norfolk Southern, Inc.**

Plaintiff also fails to correctly plead the citizenship of Defendant Norfolk Southern, Inc. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, while the Complaint identifies Virginia as Norfolk Southern's state of incorporation, the Complaint only includes facts as to where it has *a* principal place of business. But, to properly plead its citizenship, Plaintiff must allege where Norfolk Southern has *its* principal place of business. Because the Complaint does not contain these facts, the Court cannot determine whether there is proper jurisdiction over this action.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of the parties. As Plaintiff has not shown that complete diversity of citizenship exists

4

between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving the Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiff will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action.

      An appropriate order follows.


December 11, 2014                                           /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                     United States District Judge